IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DENZIL DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4271-CV-C-NKL |
| | ) | |
| FULTON STATE HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Denzil Dean, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On December 19, 2005, defendants filed a motion to dismiss. On December 30, 2005, plaintiff filed a response. Additionally before the court is plaintiff's motion for temporary restraining order filed on December 7, 2005, to which defendants have filed suggestions in opposition.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Upon review, based upon the abstention doctrine, plaintiff's motion for temporary restraining order should be denied and defendants' motion to dismiss granted.

It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts. See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943). The court may abstain when there is a pending state court proceeding involving the same subject

matter.  Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967); Annotation, Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1967).  This is also true when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE:  JURISDICTION 2d § 4247 (1988), such as state criminal, administrative and family law matters.  Ankenbrandt v. Richards, 504 U.S. 689 (1992).  See also Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); Ronwin v. Dunham, 818 F.2d 675 (8th Cir. 1987).  This is known as the abstention doctrine and is followed in the federal court system today.  See also Younger v. Harris, 401 U.S. 37, 46 (1971).

Court-ordered pretrial mental evaluations of plaintiff were filed with the court of St. Louis County, Missouri, on March 30 and August 13, 2004.  In the August 2004 report, Dr. Kline opined that plaintiff suffers from chronic paranoid schizophrenia and recommended that he be found incompetent to proceed to trial.  Based upon the reports, the Circuit Court of St. Louis County, Missouri, entered an August 24, 2004, Finding and Order to commit plaintiff to the custody of the Director of Mental Health.  Such order suspended the proceedings in plaintiff's criminal case and committed plaintiff to the custody of the Director of Mental Health, pursuant to Mo. Rev. Stat. § 552.020, for purposes of ascertaining whether he is mentally fit to proceed to trial.  Section 552.020 provides for the examination of the committed person every six months, and for review of this examination by the Circuit Court.  On March 31 and October 11, 2005, psychiatric examination reports were filed with the St. Louis County Circuit Court.  Pursuant to the October 11, 2005, psychiatric examination filed, the Honorable John F. Kintz entered an order extending the commitment of plaintiff.

Therefore, because there are ongoing state proceedings as to plaintiff's commitment to the custody of the Director of the Department of Mental Health, and his corresponding treatment, plaintiff's claims and motion for temporary restraining order challenging his commitment to Fulton State Hospital and his corresponding treatment plan should be dismissed on abstention grounds.  Furthermore, the court notes that plaintiff has adequate opportunity to request a review of his commitment and treatment via such state proceedings.  Specifically, subsection 552.020.10 provides that any person committed pursuant to an order suspending criminal

2

proceedings to determine competency to stand trial, shall be entitled to the writ of habeas corpus upon proper petition to the court that committed him.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed for failure to state a claim for which relief can be granted [10]. It is further

RECOMMENDED that plaintiff's motion for injunctive relief be denied [9].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 9th day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge